UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC. )<br>)<br>    PLAINTIFF )<br>)<br>V. )<br>)<br>SANFORD MILLER )<br>)<br>    DEFENDANT ) | NO. 3:13cv127-HTW-LRA |

**PLAINTIFF'S MOTION TO STRIKE FAILURE TO STATE A CLAIM DEFENSE**

    1. Defendant Sanford Miller (Miller) filed a pleading on 11 April 2013 titled "Answer, Counterclaims, and Third-Party Claims of Defendant Sanford Miller." [Doc. 9] In this pleading, Miller asserted, among other defenses, a failure to state a claim defense. Miller's failure to state a claim defense should be struck since it is legally insufficient.

    2. The trial court may strike defenses which are legally insufficient under the controlling substantive law. FED. R. CIV. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir.1982).

    3. For the purposes of Rule 12(b)(6), all well-pleaded allegations are presumed true. Albright v. Oliver, 510 U.S. 266, 268 (1994). When a Rule 12(b)(6) defense is considered, the question is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir.2010). A court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. Id.

    4. While a complaint attacked under Rule 12(b)(6) does not need detailed factual allegations, a pleader's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). *See also* Jolley v. GEO Group, No. Civil Action No. 3:11CV481-LRA. (S.D. Miss. Apr. 3, 2013)(plaintiff must plead enough facts to state claim to relief that is plausible on its face); Bell Atl. Corp. v. Twombly, 550 U.S. at 556, n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."). That is, a complaint must, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. at 570. A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 at 678. The plausibility standard is not akin to a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully. Id. A pleading need not contain detailed factual allegations, but must set forth more than, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662 at 678.

     5. U-Save's complaint meets the plausibility standard of Iqbal and Twombly. Since U-Save's complaint meets the plausibility standard of Iqbal and Twombly, Miller's failure to state a claim defense is insufficient as a matter of law, frivolous, and should be struck pursuant to Rule 12(f).

Respectfully submitted,

U-SAVE AUTO RENTAL OF AMERICA, INC.

/s/ John B. Gillis
_____
JOHN B. GILLIS
MISSISSIPPI BAR NO. 8694

JOHN B. GILLIS
ATTORNEY-AT-LAW
POST OFFICE BOX 185
WATER VALLEY, MISSISSIPPI 38965-0185
(662) 816-5991
jbgillis@yahoo.com


STEPHEN A. BRANDON
MISSISSIPPI BAR NO. 8655

STEPHEN A. BRANDON
ATTORNEY-AT-LAW
2648 RIDGEWOOD ROAD, SUITE B
JACKSON, MISSISSIPPI 39216-4903
(601) 714-2771
steve@stevebrandonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on 1 May 2013, I electronically filed this document with the clerk of the court using the ECF system which presumably sent notification of such filing to the following person: O. Stephen Montagnet, III, smontagnet@mmqlaw.com, McCraney, Montagnet, Quin & Noble, PLLC, 602 Steed Road, Suite 200, Ridgeland, Mississippi 39157.

/s/ John B. Gillis
_____
JOHN B. GILLIS

- 3 -