IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES C. WINDING, #K8115                                                                                    PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 3:13-cv-427-CWR-FKB

M. GIBSON, F. SHAW, F. OVALLE,
T. EVANS, E. L. SPARKMAN, CHRISTOPHER P. EPPS,
D. HUGGINS and M. POWE                                                                              DEFENDANTS

ORDER

The District Court is responsible for the administration of cases "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Meritless litigation increases the likelihood that meritorious complaints will receive inadequate attention or be difficult to identify amidst overwhelming numbers of meritless complaints. Moreover, baseless claims waste precious, and ever diminishing, judicial and private resources. Whenever any group or individual threatens by their actions to seriously hamper a court's ability to effectively administer justice, it is the duty of that court to take immediate corrective action. This *pro se* prisoner matter is before the Court *sua sponte* to address and remedy this Plaintiff's vexatious and malicious litigation practices that have become so burdensome that they threaten to hinder this Court's ability to effectively adjudicate *pro se* civil claims.

In September 2003, Plaintiff James C. Winding was convicted of kidnapping and sexual battery of a mentally retarded victim. He was sentenced to two concurrent thirty-year terms of imprisonment. Since that time, Winding has initiated an avalanche of civil claims against numerous defendants, most of which relate to alleged incidents at the East Mississippi Correctional Facility in Lauderdale County, Mississippi. A review of the Court's docket discloses that to date Winding has filed approximately 100 civil actions, of which 17 remain

pending in this district alone. As to those pending cases, Winding has 145 pending motions. The vast majority of claims that have reached adjudication were patently frivolous and often redundant. He has also made various material misrepresentations to the Court. *See Winding v. Powe*, No. 4:13-cv-27-HSO-RHW, at 2 (revoking pauper status upon finding "multiple misrepresentations to the Court," bad faith, and the forging of a witness's signature).

In addition to the plethora of meritless civil actions, Winding has recently begun suing the district and magistrate judges in an obvious effort to create recusal issues and judge shop. *See Winding v. Ozerden*, No. 251-13-803-CIV (Hinds Co. Cir. Ct. - 1st Jud. Dist.) (suing two federal judges); *Winding v. Ball*, No. 4:13-cv-64-HSO-RHW (S.D. Miss. Aug. 9, 2013); *Winding v. Raymond Sheriff Det. Ctr.*, No. 3:13-cv-183-TSL-JMR (S.D. Miss. June 3, 2013); *Winding v. Lard*, No. 3:13-cv-142-DPJ–FKB, 2013 WL 2636792, at *1 (S.D. Miss. June 11, 2013) (denying motion to recuse magistrate judge). In the typical case, Winding will bring claims against numerous defendants arising from alleged events at the prison. In the same complaint he then adds a claim against a federal judge before seeking recusal. In some cases, the complaints include claims against judges with no specific averments related to those judges. *See Ball*, No. 4:13-cv-64-HSO-RHW; *Raymond Sheriff Det. Ctr.*, No. 3:13-cv-183-TSL-JMR.

Winding's pestiferous tactics have so taxed the Court's limited resources, that, in the opinion, of the Court the following measures are necessary.

First, Winding's attempt to create recusal issues will no longer be tolerated and will not create grounds for recusal. *See, e.g.*, *Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324, 329 (5th Cir. 2011) ("Judges are not required to recuse just because they have been or are involved in litigation with a party."). Moreover, the claims against the judges are not properly

joined with his other claims under Federal Rule of Civil Procedure 21. Accordingly, any future claims Winding may have against a state or federal judge may not be joined with claims related to conditions at the prison and must instead be filed as a separate complaint.

Second, the filing of frivolous and redundant claims will no longer go unchecked. Pursuant to 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in civil-rights proceedings. "A prevailing defendant . . . may be awarded attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). The record supports the proposition that Winding has filed many such claims and is admonished that if the Court dismisses any claims after the date of this order that are frivolous, unreasonable, or without foundation, then the Court will advise the prevailing defendants that they may seek reimbursement for attorneys fees and costs. This applies to all cases in this district, whether initiated in this Court by Winding, transferred to this Court, or removed to this Court by Defendants. *See, e.g.*, *Ruston v. Dallas Cnty.*, 2008 WL 958076, at *5 (N.D. Tex. 2008) (imposing sanctions against vexatious *pro se* litigant as to claims filed originally in federal court and those removed to federal court); *see also Mitchell v. Dallas Cnty. Sheriff Dep't*, 2012 WL 7170403 (N.D. Tex. 2012) (same). In light of these potential sanctions, and in order to give Winding a fair opportunity to purge any pending meritless complaints, Winding is given 30 days to review his pending cases in order to determine whether voluntary dismissal is appropriate. No fees will be awarded for any claims that are voluntarily dismissed within this window.

To be clear, it is not the intention of the Court to suppress Winding's right to pursue valid claims. And as always this Court will remain circumspect in awarding fees to avoid a chilling

3

effect in claims that are potentially meritorious but ultimately fail. *See Hughes v. Rowe*, 449 U.S. 5, 14–15 (1980) (holding that fees may be awarded against *pro se* prisoner but that court should proceed with caution). But given this litigant's history, the Court can no longer tolerate Winding's abusive litigation tactics. The Court is further convinced that lesser sanctions would not be effective in curbing Winding's rebarbative behavior.

Finally, Winding is admonished that in the event that fines are imposed in the future, failure to pay could result in an order to preclude him from filing any new claims in this Court or could result in a stay of any actions removed from state court. *See, e.g.*, *Dominguez v. Scott*, No. 00-40031, 2001 WL 872771, at 2 (5th Cir. July 5, 2001) ("[A] district court may require an indigent litigant to pay a monetary sanction imposed in a previous action before filing a new one."). The only exception to such a potential bar will be if Winding legitimately demonstrates imminent danger under the same standards that apply to civil actions under 28 U.S.C. § 1915(g). In this regard, the Court gives a final word of caution. After Winding earned "three strikes" under § 1915(g), he began to rely on the imminent-danger exception and included the words "imminent danger" in most of his subsequent pleadings. In the majority of those cases, the Court concluded that Winding faced no imminent danger and therefore dismissed the case. Should the Court be forced to sanction Winding under this paragraph, then he is further admonished that his future complaints must describe the imminent danger he alleges with specificity. Cavalier or disingenuous invocation of the imminent-danger exception will result in additional sanctions.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that any new claims filed against any state or federal judge must be filed as a separate action and cannot be misjoined with other claims against other defendants;

**IT IS FURTHER ORDERED AND ADJUDGED**, that Winding is granted thirty (30) days within which to determine whether any of his currently-pending cases should be voluntarily dismissed; no fees will be awarded for such dismissals.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2013.

s/**Louis Guirola, Jr.**
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
