IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

U-SAVE AUTO RENTAL OF AMERICA, INC.                              PLAINTIFF

v.                                                          CAUSE NO. 3:13CV127-LG-JMR

THOMAS P. McDONNELL, III, et al.                                DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENSE

**BEFORE THE COURT** is the Motion to Strike Failure to State a Claim Defense [13] that was filed by the plaintiff U-Save Auto Rental of America, Inc. U-Save argues that the Fed. R. Civ. P. 12(b)(6) defense included in the defendant Sanford Miller's Answer [9] should be stricken as insufficient. Miller has filed a response in opposition to the Motion, and U-Save has filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Strike should be denied.

BACKGROUND

U-Save filed a Complaint for Declaratory Judgment against its former executive employee Sanford Miller, asking the Court to adjudicate the parties' rights and obligations under an Executive Employment Agreement. U-Save has filed a Motion to Strike the following defense asserted in Miller's Answer: "The Complaint fails to state a claim upon which relief can be granted." (Miller Answer at 1, ECF No. 9).

DISCUSSION

Fed. R. Civ. P. 12(f) provides, "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Motions to strike defenses are generally disfavored and are rarely granted. *Kaiser v. Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, (N.D. Tex. 1993) (explaining that striking a portion of a pleading is a drastic remedy and that motions to strike are often used as dilatory tactics). Thus, a Rule 12(f) motion to dismiss a defense is proper only when the defense is insufficient as a matter of law. *Kaiser*, 677 F.2d at 1057. "To prevail under Rule 12(f), the movant must show that 'the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Adams Cty. Water Ass'n, Inc. v. City of Natchez, Miss.*, No. 5:10CV199-DCB-RHW, 2012 WL 463740 at *2 (S.D. Miss. Feb. 13, 2012). These requirements constitute a "high bar" for the movant to cross. *Id.*

Fed. R. Civ. P. 8(b)(1) states, "In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it . . . ." The Federal Rules of Civil Procedure provide the following example of a suitable Rule 12(b)(6) defense: "The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. Form 30. Therefore, it cannot be said that Miller's defense containing the same language is insufficient as a matter of law. In addition, U-Save cannot demonstrate that the defense is unrelated to its claims or unworthy of any consideration.

The Court further finds that U-Save's argument that it is prejudiced by the

defense is without merit. Contrary to its assertions, discovery would not be necessary to determine the basis or merit of Miller's defense. Analysis of a Rule 12(b)(6) defense or motion is based solely on the pleadings, not additional evidence. *See* Fed. R. Civ. P. 12(d).

Finally, the Court notes that U-Save did not file a memorandum in support of its Motion to Strike. Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi provides, "At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant **must** file a memorandum brief in support of the motion." (Emphasis added). U-Save is cautioned that it should be guided by this Rule when filing motions in the future.

## CONCLUSION

For the foregoing reasons, the Court finds that U-Save's Motion to Strike should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Strike Failure to State a Claim Defense [13] that was filed by the plaintiff U-Save Auto Rental of America, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 31st day of October, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE