IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC. | PLAINTIFF |
| v. | CAUSE NO. 3:13CV127-LG-JMR |
| SANFORD MILLER | DEFENDANT |

| | |
|---|---|
| SANFORD MILLER | COUNTER-CLAIMANT/<br>THIRD PARTY PLAINTIFF |
| v. | |
| U-SAVE AUTO RENTAL OF AMERICA, INC.; FRANCHISE SERVICES OF NORTH AMERICA, INC.; and THOMAS P. McDONNELL, III | COUNTER-DEFENDANT/<br>THIRD PARTY DEFENDANTS |

### ORDER DENYING MILLER'S MOTION TO DISMISS AND U-SAVE'S MOTION TO SEVER

**BEFORE THE COURT** are Sanford Miller's Motion to Dismiss [137] and U-Save's Motion to Sever Declaratory Judgment Claims [177]. After reviewing the submissions of the parties and the applicable law, the Court finds that both Motions should be denied.

### BACKGROUND

U-Save filed a Complaint for Declaratory Judgment against its former executive employee Sanford Miller, seeking the following declarations: (1) that Miller was terminated by U-Save for cause effective December 7, 2012; (2) that Miller's termination was not a "qualifying termination" pursuant to the Executive Employment Agreement entered into by the parties; (3) that U-Save has no contractual duty to pay Miller severance and other benefits; (4) that the Executive

Employment Agreement has been terminated; and (5) U-Save is entitled to contractual attorneys' fees, litigation expenses, and costs. (Compl. at 5, ECF No. 1).

Miller filed a counterclaim against U-Save as well as a third party complaint against U-Save's parent company, FSNA, and Miller's former co-CEO, Thomas McDonnell. (Miller Ans., ECF No. 9). Miller seeks a declaratory judgment against U-Save and FSNA that his termination from both entities constituted a qualifying termination, and thus he is entitled to severance payment and other benefits. (*Id.* at 30). Miller has also filed breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and defamation claims against U-Save and FSNA. (*Id.* at 30-35). The claims filed against McDonnell were: interference with contractual and prospective business relations, fraud, conspiracy to commit fraud, defamation, and intentional infliction of emotional distress. (*Id.*)

## DISCUSSION

### I. Miller's Motion to Dismiss [137]

Miller argues that U-Save's Complaint for declaratory judgment should be dismissed pursuant to *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994). In *Trejo*, the court noted that a federal court has discretionary power to abstain from entertaining a declaratory judgment action upon considering the following factors:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain

> precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, [and 7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590-91.

Factors one and seven clearly do not apply in the present lawsuit, because there is no "parallel state action." Factor six is also irrelevant, because Miller's Motion would not dispose of this entire lawsuit; in fact, Miller has filed his own declaratory judgment action that this Court would retain. As for the other factors, it appears that U-Save did file this lawsuit in anticipation of Miller filing a lawsuit. Miller claims that U-Save engaged in forum-shopping, but he provides no support for this assertion aside from the fact that U-Save apparently chose a forum that Miller would not have chosen. The primary inequity alleged by Miller is U-Save's designation as plaintiff, which will presumably result in U-Save presenting its evidence and arguments to the jury first and last. Finally, this forum is convenient to the majority of the parties and witnesses. While Miller lives in Florida, he also lived in Florida while working for the Mississippi company U-Save. He has testified that he made himself available in Mississippi during his employment when necessary. If Miller had filed his lawsuit in Florida, the majority of witnesses and parties would have been inconvenienced. If Miller had filed his lawsuit in Mississippi state court, the forum would have been just as inconvenient for him as this forum.

A review of all of the factors indicates that U-Save's declaratory judgment action should be allowed to proceed. As a result, Miller's Motion to Dismiss is denied.

**II. U-Save's Motion to Sever [177]**

U-Save has filed a Motion to Sever, because it is concerned that it may be prejudiced by some of the evidence that may be admitted in support of Miller's counterclaims and third-party claims. However, it has not specifically identified evidence that would be prejudicial. U-Save also argues that the parties' opposing requests for declaratory judgment should be tried first, followed by the remainder of Miller's claims in order to avoid confusing the jury.

While the Court recognizes that it has discretion to sever the parties' claims or require separate trials, there is no reason to do so here. First, since U-Save's Motion was filed, this Court has dismissed several of Miller's claims and has narrowed the issues that will be presented to the jury at trial. Furthermore, Miller should be permitted to present a complete defense to U-Save's declaratory judgment action, which involves the pivotal question of whether Miller was terminated for cause. Finally, the Court finds that jurors will be capable of understanding the parties' various claims.

## CONCLUSION

While some of the parties' claims may be redundant, the most efficient and equitable means of adjudicating this case is to permit both Miller and U-Save to present their claims at the same trial. As a result, Miller's Motion to Dismiss and

U-Save's Motion to Sever are denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Sanford Miller's Motion to Dismiss [137] and U-Save's Motion to Sever Declaratory Judgment Claims [177] are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of May, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE