IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC. | **PLAINTIFF** |
| v. | CAUSE NO. 3:13CV127-LG-JMR |
| SANFORD MILLER | **DEFENDANT** |

| | |
|---|---|
| SANFORD MILLER | COUNTER-CLAIMANT/ THIRD PARTY PLAINTIFF |
| v. | |
| U-SAVE AUTO RENTAL OF AMERICA, INC.; FRANCHISE SERVICES OF NORTH AMERICA, INC.; and THOMAS P. McDONNELL, III | COUNTER-DEFENDANT/ THIRD PARTY DEFENDANTS |

### ORDER GRANTING FSNA'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Supplemental Motion for Summary Judgment [228] filed by Franchise Services of North America, Inc., (FSNA). Sanford Miller has filed a response in opposition to the Motion, and FSNA has filed a reply. After reviewing the submissions of the parties and the applicable law, the Court finds that FSNA's Motion should be granted.

### BACKGROUND

In a Memorandum Opinion and Order [221] entered on May 22, 2014, the Court dismissed the breach of contract and breach of the duty of good faith and fair dealing claims that Sanford Miller filed against FSNA, but FSNA did not seek summary judgment as to Miller's defamation and intentional infliction of emotional distress claims. However, the Court granted the Motion for Summary Judgment

filed by FSNA's chief executive officer, Thomas P. McDonnell, III, as to Miller's defamation and emotional distress claims. After the Memorandum Opinion and Order was entered, FSNA requested permission to file an out-of-time motion for summary judgment, claiming that FSNA is entitled to summary judgment for the same reasons that summary judgment was granted in favor of McDonnell. In the interest of consistency as well as the interest of saving time and resources, the Court permitted FSNA to file its supplemental motion.

## DISCUSSION

### I. Miller's Defamation Claim against FSNA

Miller argues that FSNA is liable for defamation committed by McDonnell, its CEO. Essentially, Miller claims that FSNA is not entitled to summary judgment, because this Court erred in holding that McDonnell was entitled to summary judgment. The summary judgment in favor of McDonnell was granted, because this Court found that McDonnell was entitled to a qualified privilege. Miller argues that McDonnell was not entitled to a qualified privilege, because he acted with malice.

In the context of a defamation claim, actual malice is defined as a statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Eckman v. Cooper Tire & Rubber Co.*, 893 So. 2d 1049, 1053 (¶13) (Miss. 2005). "[I]f the defendant honestly believed the plaintiff's conduct to be such as he described it, the mere fact that he used strong words in describing it is no evidence of malice." *Id.*

McDonnell allegedly told third parties that Miller was terminated by FSNA for self-dealing.  Miller argues that this statement was made with reckless disregard for the truth, because McDonnell did not conduct an investigation into whether Miller acted with self-dealing before he made the statement.

> A reckless disregard for the truth requires more than a departure from reasonably prudent conduct.  There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubt as to the truth of his publication . . . .  The standard is a subjective one – there must be sufficient evidence to permit the conclusion that the defendant actually had a high degree of awareness of . . . probable falsity.

*Journal Publ'g Co. v. McCullough*, 743 So. 2d 352, 361 (Miss. 1999) (internal citations and quotation marks omitted).  Since there is no evidence that McDonnell had a "high degree of awareness" that the statements he made were false, both McDonnell and his employer, FSNA, are entitled to summary judgment as to Miller's defamation claim.  *See id.*

## II.  Miller's Intentional Infliction of Emotional Distress Claim against FSNA

As with the defamation claim, Miller intentional infliction of emotional distress claim seeks to hold FSNA liable for McDonnell's conduct.  Miller argues that this Court did not provide sufficient explanation for granting summary judgment in favor of McDonnell.

"Generally, 'meeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Riley v. F.A. Richard & Assocs., Inc.*, 16 So. 3d 708, 719 (¶33) (Miss. Ct. App. 2009) (quoting *Speed v. Scott*, 787 So.

2d 626, 630 (¶17) (Miss. 2001)). The focus when considering the merits of such a claim should be on "the defendant's conduct, not the plaintiff's emotional condition." *Robinson v. Hill City Oil Co., Inc.*, 2 So. 3d 661, 668 (¶25) (Miss. Ct. App. 2008). "A claim for intentional infliction of emotional distress requires conduct that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Jones v. Mullen*, 100 So. 3d 490, 498 (Miss. Ct. App. 2012) (quoting *Langston v. Bigelow*, 820 So. 2d 752, 757 (¶11) (Miss. Ct. App. 2002)). For example, sexual assault of a child constitutes behavior that satisfies this strict standard. *J.R. ex rel. R.R. v. Malley*, 62 So. 3d 902, 907 (¶15) (Miss. 2011). Furthermore, malicious prosecution and racial slurs may rise to the standard. *Perkins v. Wal-Mart Stores, Inc.*, 46 So. 3d 839, 848-49 (Miss. Ct. App. 2010); *Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1048-49 (Miss. 2007). However, "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Brown v. Inter-City Fed. Bank for Sav.*, 738 So. 2d 262, 265 (Miss. Ct. App. 1999). Furthermore, "[o]nly in the most unusual cases does the conduct move out of the 'realm of an ordinary employment dispute' into the classification of 'extreme and outrageous,' as required for the tort of intentional infliction of emotional distress." *Id.*

This lawsuit arose out of the termination of Miller's employment. Miller has not alleged any conduct that is extreme and outrageous, and he certainly has not

alleged conduct that could reasonably be viewed as "so extreme in degree, as to go beyond all possible bounds of decency." *See Jones*, 100 So. 3d at 498. As a result, FSNA is entitled to summary judgment as to Miller's intentional infliction of emotional distress claim.

## CONCLUSION

For the foregoing reasons, FSNA's Supplemental Motion for Summary Judgment is granted. All of the claims Miller asserted against FSNA have now been dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Supplemental Motion for Summary Judgment [228] filed by Franchise Services of North America, Inc., is **GRANTED**. Sanford Miller's defamation and intentional infliction of emotional distress claims against FSNA are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 25th day of June, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE